NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSICA GABRIELA CUEVAS TORRES;
GRECIA LINETTE CUEVAS TORRES;
JUAN CARLOS CEUVAS TORRES;
GLORIA FERNANDA CUEVAS TORRES;
NATHAN ANTHUAN CUEVAS TORRES,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-146

Agency Nos. A215-816-038
A215-816-039
A215-816-040
A215-816-041
A215-816-042

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2023[**]
San Francisco, California

Before: COLLINS, FORREST, and SUNG, Circuit Judges.

Jessica Gabriela Cuevas Torres, a citizen of Mexico, petitions for review of

a decision by the Board of Immigration Appeals ("BIA") upholding a decision of

an Immigration Judge ("IJ") denying her applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. See FED. R. APP. P. 34(a)(2)(C).

Convention").[1]  We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252.  We review the agency's legal conclusions de novo and its factual findings for substantial evidence.  *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020).  Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  We deny the petition.

The IJ rejected Cuevas Torres's asylum and withholding claims on two alternative grounds.  First, the IJ held that Cuevas Torres's two proposed social groups ("women in Mexico subject to abuse and femicide" and "victims of child sexual abuse") were not cognizable.  Second, the IJ concluded that, even if these groups were cognizable, Cuevas Torres had "not established a sufficient nexus" between her asserted past and feared harms and these proposed social groups.  With respect to the latter ground, the IJ relied on the following factual findings in concluding that Cuevas Torres had failed to show the requisite nexus: (1) Cuevas Torres's 2012 kidnap and rape were part of an effort to extort her boyfriend's wealthy family and were therefore motivated by greed; (2) the violence she

[1] Cuevas Torres's four minor children are derivative beneficiaries with respect to her asylum application only, and they did not file separate applications.  We deny Respondent's motion to amend the case caption to delete the minor children as co-petitioners.  Although the petition for review filed in this case improperly used "et al." in the case caption, it nonetheless sufficiently identified the petitioners "in the caption or the body of the petition" by correctly listing the agency "A" numbers for all five petitioners in the caption and by attaching a proof of service that correctly identified all five petitioners by name and by "A" number.  *See* FED. R. APP. P. 15(a)(2)(A).

experienced from her husband was due to the fact that he was generally an "aggressive and violent" person who was indiscriminately violent towards many other persons, including his father; and (3) threats she received from her landlord to drop a civil fraud suit were simply part of a private scheme by persons "engaged in fraud."

In her brief to the BIA, Cuevas Torres challenged the IJ's conclusion that the two social groups were not cognizable, but beyond a conclusory heading that "the IJ failed to see that the harm suffered was based on an enumerated ground" (capitalization omitted), there was no analysis of the IJ's nexus ruling. In particular, Cuevas Torres's brief made no effort whatsoever to rebut the IJ's particularized, incident-based findings about the motivations of her various assailants. The BIA concluded that Cuevas Torres had thereby waived any objections to the IJ's nexus determinations and that those unchallenged determinations were alone sufficient to uphold the denial of asylum and withholding of removal.

We have held that a petitioner challenging a BIA decision will "be deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). In its brief in this court, the Government has properly asserted Cuevas Torres's failure to exhaust the dispositive nexus issue. Although the INA's exhaustion requirement,

*see* 8 U.S.C. § 1252(d)(1), is not jurisdictional, *see Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023), it is a mandatory rule that we "must enforce" when, as here, it is "properly raise[d]," *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (citation omitted). Cuevas Torres contends that she did exhaust the argument that there is an automatic "global nexus" between any harm visited upon members of these proposed social groups and their membership in these groups, and that the BIA "failed to apprehend" this argument. We do not discern where in her BIA brief Cuevas Torres ever made this argument, and it is likewise unexhausted. Cuevas Torres thus failed to exhaust the issue of nexus in her appeal to the BIA. Because that issue is, by itself, "dispositive" of her "asylum and withholding of removal claims," *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016), we uphold the agency's denial of such relief on that ground, without reaching any of Cuevas Torres's other arguments concerning such relief.

Finally, Cuevas Torres's opening brief does not challenge the agency's denial of her request for relief under the Torture Convention. We therefore deem that issue to be forfeited. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).[2]

**PETITION DENIED.**

---

[2] We deny as moot Petitioners' motion for stay of removal and Respondent's motion to extend the time to respond to that motion.